# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cr-181-MOC-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BENJAMIN SWAIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Indictment or, in the Alternative, for a Bill of Particulars. (Doc. No. 17).

## I. BACKGROUND

On June 17, 2016, a Georgia investigator contacted a detective with the Charlotte-Mecklenburg Police Department. The Georgia investigator was working a child molestation case involving a 15-year-old Georgia minor and Defendant, who was her 42-year-old tennis coach and who lived in Charlotte. During the Georgia investigation, Defendant admitted he had secretly recorded minors[1] while they undressed and showered in hotel rooms. He reported that he took the videos with a pen camera, and he told the investigator where to find the videos.

A search warrant for Defendant's residence located his laptop and SIM card. Child pornography was located on both devices. The videos depicted three minor females undressing, showering, engaging in various grooming activities, and getting dressed. The videos were captured in two different bathrooms. Some of the videos captured the minors in the shower.

---

[1] The minor Defendant was under investigation for molesting in Georgia was not one of the minors in the recordings.

1

Defendant is seen on some the videos, setting up the camera under the vanity and then adjusting the camera. The Government contends that the angle was set to ensure the minors' genitals would be captured.[2] Defendant is currently serving a sentence in Georgia related to his molestation of the minor in that state. The victim in that case is not one of the victims listed in the indictment in this case.

On May 16, 2018, a grand jury returned an indictment charging Defendant with numerous charges relating to the sexual exploitation of minors. (Doc. No. 1). Counts One, Two, and Three allege violations occurring in April 2016. Count One charges Defendant with the sexual exploitation and attempted sexual exploitation of Victim 1, in violation of 18 U.S.C. § 2251(a). Count Two charges Defendant with the sexual exploitation and attempted sexual exploitation of Victim 2, in violation of 18 U.S.C. § 2251(a). Count Three charges Defendant with transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). Counts Four through Six allege violations occurring in June 2016. Count Four charges Defendant with the sexual exploitation and attempted sexual exploitation of Victim 1, in violation of 18 U.S.C. § 2251(a). Count Five charges Defendant with the sexual exploitation and attempted sexual exploitation of Victim 3, in violation of 18 U.S.C. § 2251(a). Count Six charges Defendant with transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). Count Seven charges that on June 17, 2016, Defendant possessed, and accessed with intent to view, material containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

In his motion, Defendant alleges that the indictment is insufficient as a matter of law and

---

[2] Defendant contends in the motion to dismiss, on the other hand, that "the camera is generally aimed upward from the floor; the camera is not aimed specifically at any of the players' private parts." (Doc. No. 17 at 3).

should be dismissed.  Defendant further states that if the Court denies his motion to dismiss, he seeks an order for a Bill of Particulars.

II.     **DISCUSSION**

**a. Defendant's Motion to Dismiss the Indictment**

An indictment is defective if it alleges a violation of an unconstitutional statute, or if the "allegations therein, even if true, would not state an offense."  United States v. Thomas, 367 F.3d 194, 197 (4th Cir. 2004).  An indictment is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the [offense] intended to be punished.'"  United States v. Perry, 757 F.3d 166, 171 (4th Cir. 2014) (internal quotation marks omitted).  An indictment that tracks the language of the statute and properly alleges each element "is valid on its face," and the court may not "review the sufficiency of evidence supporting" the indictment because a valid "indictment returned by a legally constituted and unbiased grand jury" is "enough to call for trial of the charges on the merits."  United States v. Wills, 346 F.3d 476, 488-89 (4th Cir. 2003).  See also United States v. Burks, 746 F. App'x 191, 198 (4th Cir. 2018), cert. denied, No. 18-7133, 2019 WL 660062 (U.S. Feb. 19, 2019).

Here, the indictment tracks the language of the statutes charged.  Defendant argues, however, that this Court should dismiss the indictment because the videos he created do not constitute child pornography as a matter of law.  Defendant's argument that the videos do not constitute child pornography appears to be an attempt to challenge the sufficiency of the evidence.  Because such challenges cannot be raised before trial, the motion is denied.  "There is no such thing as a motion for summary judgment in a criminal case."  Russell v. United States, 369 U.S. 749, 791 (1962) (Harlan, J., dissenting).  See, e.g., United States v. Alfonso, 143 F.3d

772, 776-77 (2d Cir. 1998) (stating that "the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment").

Rule 12(b) of the Federal Rules of Criminal Procedure limits pretrial challenges to indictments to those that "the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). Indeed, the Supreme Court has established that "a defense [under Rule 12] is . . . 'capable of determination'" only "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." United States v. Covington, 395 U.S. 57, 60 (1969). Accordingly, it is the jury's province to determine whether the videos underlying a child pornography indictment depict a child engaged in "sexually explicit conduct," within the meaning of federal law. See 18 U.S.C. § 2256(2)(A); see generally United States v. Frabizio, 459 F.3d 80, 85 (1st Cir. 2006) (stating that "whether a given depiction is lascivious is a question of fact for the jury"); United States v. Wallenfang, 568 F.3d 649, 658 (8th Cir. 2009) (stating that the trier of fact determines the sexual nature, lewdness, or lasciviousness of an image); United States v. Branton, No. 14-50, 2014 WL 3887403, at *4 (W.D. La. Aug. 7, 2014) (where the court denied the defendant's motion to dismiss the indictment on the basis that the images did not qualify as child pornography because it was "not a legal question appropriate for determination at this time, but instead challenges the sufficiency of the evidence"). Defendant's attempt to remove from the jury the determination of whether his videos depict sexually explicit conduct—and with it, the ultimate question of his innocence or guilt—fails.[3]

Finally, Defendant's argument that the files do not meet the statutory definition of child

---

[3] The Government also argues that the videos in question do constitute child pornography. The Court makes no finding on this issue since this is an issue for the jury to decide.

pornography is not dispositive on Counts One, Two, Four, and Five because the indictment also charges Defendant with attempting to use the minors engaging in sexually explicit conduct for the purpose of the visual depiction. Because the Government included attempt as a theory of conviction, it does not have to show Defendant actually created child pornography. The Government must show only that he had the culpable intent to commit the crimes and took a substantial step towards creating child pornography. United States v. Engle, 676 F.3d 405, 419 20 (4th Cir. 2012); see also United States v. Johnson, 639 F.3d 433, 440-41 (8th Cir. 2011) (reversing a district court's grant of a motion for judgment of acquittal following a jury conviction of the defendant for attempted production of child pornography under Section 2251(a), emphasizing that the prosecution charged the defendant under an attempt theory); United States v. Buculei, 262 F.3d 322, 328 (4th Cir. 2001) (finding the fact that the defendant "was unsuccessful in his attempt to actually produce a visual depiction of sexually explicit conduct" did not require acquittal). Given Defendant's propensity to engage in sexually inappropriate behavior with those he coached, there is clearly sufficient evidence that the jury could infer that his intent was to create child pornography when he placed a camera in the bathroom with full knowledge that minors would be showering in there. In sum, for the reasons stated, Defendant's motion to dismiss the indictment is denied.

### b. Defendant's Request for a Bill of Particulars

A motion for a bill of particulars is procedurally barred if not filed within fourteen (14) days of arraignment, unless the Court allows for an extension. FED. RULE CRIM. P. 7(f). Since Defendant was arraigned on June 14, 2018, his request for a bill of particulars, filed on March 11, 2019, is therefore procedurally barred. In any event, Defendant is not entitled to a bill of particulars for the following reasons.

A bill of particulars applies to jury trials to enable a defendant to obtain sufficient information on the nature of the charges against the defendant so the defendant may prepare for trial, minimize danger of surprise at trial, and to enable the defendant to plead an acquittal or conviction in bar of another prosecution for the same offense. United States v. Schembari, 484 F.2d 931, 934-35 (4th Cir. 1973) (citing United States v. Dulin, 410 F.2d 363, 364 (4th Cir. 1969)). Defendant seeks "in particular detail the date, time, and location that the government will allege each offense in each count of the indictment took place so that Mr. Swain may know where and when the offense(s) allegedly occurred." (Doc. No. 17 at 10). Furthermore, he has requested: "(1) the specification of conduct in each count; (2) the relevant devices involved in each count; (3) a description of the images involved in each relevant count; and (4) identification of the victims involved." Id.

Defendant's attempt to require a detailed disclosure of the Government's evidence at trial is not supported by case law. "A bill of particulars is not to be used to provide detailed disclosure of the government's evidence at trial." United States v. Automated Med. Labs., Inc., 770 F.2d 399, 405 (4th Cir. 1985) (citing United States v. Anderson, 481 F.2d 685 (4th Cir. 1973)). A bill of particulars "merely amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial." United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996) (citations omitted). A "court must not direct the government to reveal the details of its evidence or the precise manner in which it will make its proof in a bill of particulars." United States v. Cuong Gia Le, 310 F. Supp. 2d 763, 781 (E.D. Va. 2004). Defendant cannot "forc[e] the prosecution to fix irrevocably the perimeters of its case in advance of trial." United States v. Stroop, 121 F.R.D. 269, 272 (E.D.N.C. 1988) (citations and quotations

omitted). It is well-established that expanded file discovery[4] precludes any need for a Bill of Particulars because a defendant with access to such expansive discovery may not claim surprise. "[W]hen the government maintains an 'open file' policy, a defendant is not prejudiced by a denial of a bill of particulars." United States v. Bartko, No. 5:09cr321, 2010 WL 3984603, at *1 (E.D.N.C. Oct. 8, 2010); see also United States v. Amend, 791 F.2d 1120, 1125 (4th Cir. 1986) ("[T]he government maintained an 'open file' policy in this case. . . . [The defendant], therefore, suffered no prejudice . . . from the denial of the bill of particulars.").

Defendant has been given the Government's file, including interviews with victims and Defendant, descriptions of the videos, etc. The actual videos were not provided because they constitute child pornography. See 18 U.S.C. § 3509(m). However, the evidence has been made available to Defendant. Defendant's counsel has viewed the videos and other forensic evidence in the custody of the Federal Bureau of Investigation.

### III.    CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss Indictment and, alternatively, for a Bill of Particulars, (Doc. No. 17), is **DENIED**.

**IT IS SO ORDERED.**

---

[4] The Government explains that the Department of Justice previously used the term "open file discovery" to refer to what is now called expanded file discovery. The case law cited below which refers to "open file discovery" refers to the same discovery procedures used by the Government in the Western District of North Carolina. Because such discovery, while expansive, does not give Defendant access to, for example, the Government's attorney work product or trial strategy, expanded file discovery is a more precise term.

Signed: April 22, 2019

Max O. Cogburn Jr
United States District Judge